**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4709**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALLACE LEE JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-04-8)

Submitted: June 7, 2006          Decided: September 11, 2006

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and remanded for resentencing by unpublished per curiam opinion.

Paul G. Taylor, Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wallace Lee Johnson pleaded guilty without a plea agreement to three counts of distributing and possessing with the intent to distribute at least 7.09 grams of cocaine base. Based on the amount of cocaine base alleged in the indictment, Johnson faced a maximum of 20 years' imprisonment. See 21 U.S.C. § 841(b)(1)(C).

Following several hearings, the district court found that Johnson's relevant conduct for sentencing purposes included more than 35 but less than 50 grams of cocaine base, which translated into a base offense level of 30. The court granted Johnson a two-point reduction for acceptance of responsibility. With a criminal history Category V, the Sentencing Guidelines provided Johnson with a range of 130-162 months' imprisonment. The court found that a sentence within that range would serve the purposes of sentencing stated in 18 U.S.C. § 3553 and accordingly sentenced Johnson to 149 months' imprisonment on each count, to run concurrently.

Johnson claims on appeal (1) that the district court clearly erred in determining the drug quantity used to calculate his Sentencing Guidelines range, because the testimony that the district court relied on was not credible; (2) that because the district court found relevant conduct to involve a drug quantity beyond the 7.09 grams charged in the indictment, the relevant conduct should have been found beyond a reasonable doubt, not by a preponderance of the evidence; and (3) that having earlier found

-2-

Johnson's criminal history category to be a Category IV, the court erred in applying a Category V. We address each claim in order.

We review a district court's factual findings about relevant conduct for clear error. United States v. Ebersole, 411 F.3d 517, 536 (4th Cir. 2005); United States v. Hughes, 396 F.3d 374, 382 (4th Cir. 2005). And findings based on the credibility of witnesses are particularly entitled to great deference. United States v. Hassanzadeh, 271 F.3d 574, 580 (4th Cir. 2001). Here, the district court found drug quantity based on the testimony of several witnesses. The court was well aware that credibility issues existed with respect to some of the witnesses and took that into account in calculating the drug quantity even though it also heard testimony from law enforcement officers. Because of these credibility problems, the court approached its factfinding cautiously, rejecting the government's claim that the relevant conduct included between 1.3 and 8.7 kilograms. Based on our review of the record, Johnson has not demonstrated that the district court's factual findings in these circumstances were clearly erroneous.

Johnson also contends that the district court's factual findings should have been made on the beyond-a-reasonable-doubt standard, not a preponderance standard, but he simply misunderstands the post-Booker sentencing procedure. The district court did not err in determining the relevant conduct by a

preponderance of the evidence, and properly followed the sentencing procedure described in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), and later in United States v. Green, 436 F.3d 449 (4th Cir. 2006).

Finally, Johnson claims that the district court erred in applying a criminal history Category V, noting that the court had found him to have a criminal history Category IV during an earlier sentencing hearing. At its first sentencing hearing, which took place on May 19, 2005, the district court noted correctly that Johnson's criminal history category was IV, not the Category V stated in the presentence report, because two points proposed in the presentence report for commission of the instant offense when Johnson was on probation for an October 2001 offense was an error. The instant offense was committed in July 2001 before Johnson was placed on probation for the October 2001 offense. Therefore, with the reduction of two points, Johnson's criminal history category was properly Category IV, not Category V.

Yet when the court later, after several further sentencing hearings, completed its sentencing of Johnson, it applied Category V, not Category IV, without explanation. Because the record does not support a criminal history Category V, we vacate the sentence and remand for resentencing.

AFFIRMED IN PART AND REMANDED
FOR RESENTENCING

-4-